IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FRANCIS AKINRO | : |
| Plaintiff, | : |
| v. | CIVIL ACTION NO. L-10-1301 |
| AMERICA BEST VALUE INN, et al. | : |
| Defendants. | : |

**MEMORANDUM**

Plaintiff, a resident of Baltimore, Maryland who holds himself out as a "Professor," and U.S. Department of Justice employee, filed this 28 U.S.C. § 1331 action on May 19, 2010, against America Best Value Inn. His statement of facts alleges that:

> "On October 1, 2009, I was in my apartment at Hawthorne City of California. The man which claim to be the manager of the hotel and Mrs. Brandley use gun to force me out of the apartments and they started shooting me with heavy gun fire like war when two power nation conflict. I am just lucky to be alive. On January 7, 2010, the dietician which I identify from UCLA Downtown Hospital in California injected me with deadly medication to kill me after the Bradley policemen brought me their for killing. The group is preventing me from sees an apartment or home in every state of United States."

(Docket No. 1 at 2). In his relief request, Plaintiff seeks the award of $997,000,000,000,000.00, the ability to stay in the apartment, and life imprisonment or the death penalty for Defendant's employees. (Id.).

Although Plaintiff's indigency application contains information the court finds questionable, he shall be granted leave to proceed in forma pauperis.[1] This Court may preliminarily review the Complaint allegations before service of process and dismiss them *sua sponte* if satisfied that the

---

[1] Plaintiff claims that he receives $3,063.00 in monthly retirement income; has been employed by the U.S. Department of Justice since July of 2009; and has $200,000.00 accumulated at three separate

Complaint has no factual or legal basis. See Neitzke v. Williams, 490 U.S. 319, 324 (1989); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992); Cochran v. Morris, 73 F.3d 1310, 1314 (4th Cir. 1996); Nasim v. Warden, 64 F.3d 951 (4th Cir. 1995). As explained by the Supreme Court in Neitzke: "Examples of [factually baseless lawsuits] are claims describing fantastic or delusional scenarios, with which federal district judges are all too familiar." Neitzke v. Williams, 490 U.S. at 328.

Even when affording the pro se Complaint and accompanying materials a generous construction, the Court finds no basis to allow the action to go forward or to require supplementation. Plaintiff's Complaint and attachments are replete with fanciful and delusional commentary. The action shall be summarily dismissed under 28 U.S.C. § 1915(e). A separate Order follows.

Date: May 25, 2010

/s/
_____
Benson Everett Legg
United States District Judge

---

banks. (Docket No. 2).